57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Tony TAYLOR, Plaintiff-Appellant,
v.
Robert SPIER, Defendant-Appellee.
 No. 95-1025.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1995.
 
 1
 Before: JONES and NORRIS, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 Tony Taylor, pro se, appeals a district court order and judgment granting the defendant's motion to dismiss on the pleadings under Fed. R. Civ. P. 12(b)(6), in this civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Taylor sued a lieutenant employed at the Wayne Correctional Facility (WCF) in Freeland, Michigan, at the time of the alleged violation of Taylor's constitutional rights. In his complaint, plaintiff alleged that defendant Spier physically assaulted Taylor after this correctional officer escorted Taylor to a segregation unit at WCF on May 11, 1994. Taylor's complaint did not specify the capacity in which he was suing this defendant. The plaintiff requested monetary damages.
 
 
 4
 The matter was referred to a magistrate judge, who concluded that the plaintiff had failed to specify the capacity in which defendant Spier was being sued and, thus, under Wells v. Brown, 891 F.2d 591, 592 (6th Cir. 1989), the complaint was barred under the Eleventh Amendment. The magistrate judge recommended that the defendant's motion to dismiss be granted, but without prejudice, for 30 days, to allow Taylor the opportunity to file an amended complaint to state the capacity in which he was suing the defendant. The magistrate judge gave notice to the parties that any objections to his Report must be filed within 10 days of its service and that failure to file objections within that time would constitute a waiver of any further right to appeal, pursuant to Thomas v. Arn, 474 U.S. 140 (1985). No objections to the Report and Recommendation were filed, and the court adopted the Report by order and judgment entered December 20, 1994. The judgment dismissed the case without prejudice.
 
 
 5
 On appeal, Taylor first alleges that the district court was biased by failing to allow Taylor to challenge the defendant's version of the occurrence on May 11, 1994, and by refusing to allow Taylor to be present "at the motion hearing that was held for the defendant Mr. Robert Spier." Taylor requests that the Michigan Department of Corrections be added as a defendant and repeats his allegation that he was assaulted by Spier on May 11, 1994. The plaintiff has also filed a motion for the appointment of counsel, and a motion to remand the case.
 
 
 6
 Whether the district court correctly dismissed a suit pursuant to Fed. R. Civ. P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir. 1993); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir. 1993). However, the record shows that Taylor failed to file timely objections to the magistrate judge's Report and Recommendation after being advised to do so. Thus, Taylor has waived his right to appeal the issues presented to the district court. Thomas, 474 U.S. at 155; Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Moreover, no exceptional circumstances are present in this case warranting an exception to the Thomas v. Arn rule in the interests of justice. Thomas, 474 U.S. at 155 & n.15; O'Neal v. Morris, 3 F.3d 143, 144-45 (6th Cir. 1993), vacated and remanded on other grounds, 130 L. Ed. 2d 947 (1995).
 
 
 7
 Taylor's challenge to the district court's failure to allow him to be present "at the motion hearing that was held for the defendant Mr. Robert Spier" is apparently based on the plaintiff's misunderstanding of the procedure below, because such a hearing was never held. Lastly, there is no evidence to support Taylor's vague and conclusory allegation that the district court was "biased." See Liteky v. United States, 114 S. Ct. 1147, 1158 (1994); United States v. Sammons, 918 F.2d 592, 598-99 (6th Cir. 1990).
 
 
 8
 Accordingly, Taylor's motions are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation